pany, against the state board of tax commissioners. No opinion. Order granted. Appeal dismissed.

PEOPLE ex · rel. MANSFIELD v. HANCOCK et al., Civil Service Com'rs. (Supreme Court, Appellate Division, Fourth Department. December 11, 1900.) Proceedings by the people of the state of New York, on the relation of Edward Mansfield, against John M. Hancock and others, as municipal civil service commissioners of the city of Niagara Falls, N. Y.

PER CURIAM. The determination under review wholly confirmed, with $50 costs and disbursements in favor of the respondents, against the relator. Held, that the facts relied upon as grounds for annulling the determination do not sufficiently appear in the return. If such facts existed, a further return should have been directed. Code Civ. Proc. §§ 2135, 2138, 2141, 2143; People v. Wurster, 149 N. Y. 549-554, 44 N. E. 298.

PEOPLE ex rel. MARINELLO v. SCIACCO ASS'N. (Supreme Court, Appellate Division, First Department. November 16, 1900.) Proceedings by the people of the state of New York, on the relation · of Stefano Marinello, against the Sciacco Association. No opinion. Motion denied, on payment of $10 costs. See 67 N. Y. Supp. 751. ·

PEOPLE ex rel. NEW YORK & M. R. CO. v. STATE BOARD OF TAX COM'RS. (Supreme Court, Appellate Division, Third Department. November 23, 1900.) Proceedings by the people of the state of New York, on the relation of the New York & Manhattan Railroad Company, against the state board of tax commissioners. No opinion. Order granted, and appeal dismissed.

PEOPLE ex rel. NEW YORK JUVENILE ASYLUM, Respondent, v. KELLER, Commissioner, Appellant. (Supreme Court, Appellate Division, First Department. November 9, 1900.) Proceedings by the people of the state of New York, on the relation of the New York Juvenile Asylum, against John W. Keller, as commissioner. T. Connoly, for appellant. R. Goeller, for respondent. No opinion. Order affirmed, with costs, on opinion of court below. 65 N. Y. Supp. 617.

PEOPLE ex rel. NEW YORK & R. B. R. CO. v. STATE BOARD OF TAX COM'RS. (Supreme Court, Appellate Division, Third Department. November 23, 1900.) Proceedings by the people of the state of New York, on the relation of the New York & Rockaway Beach Railroad Company, against the state board of tax commissioners. No opinion. Order granted, and appeal dismissed.

PEOPLE ex rel. SARGENT, Appellant, v. TARBLE, Respondent. (Supreme Court, Appellate Division, Third Department. November 14, 1900.) Proceedings by the people of the state of New York, on the relation of Hiram A. Sargent, against Lenar Tarble. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. TREAT, Appellant, v. COLER, Comptroller, Respondent. (Supreme Court, Appellate Division, First Department. November 9, 1900.) Proceedings by the people of the state of New York, on the relation of Ralph J. Treat, against Bird S. Coler, as comptroller, etc. L. L. Kellogg, for appellant. T. Farley, for respondent. No opinion. Reargument ordered.

PEOPLE'S LOAN ASS'N, Appellant, v. BEVERIDGE, Respondent. (Supreme Court, Appellate Division, Second Department. December 7, 1900.) Action by the People's Loan Association against Arthur L. Beveridge. No opinion. Judgment of the municipal court affirmed by default, with costs.

PERRY, Appellant, v. KOCH, Respondent. (Supreme Court, Appellate Division, Fourth Department. November Term, 1900.) In the matter of the examination of George A. Perry, judgment debtor, in the proceedings supplementary to execution upon the application of William T. Koch, judgment creditor. No opinion. Order affirmed, with $10 costs and disbursements.

PETERSON, Appellant, v. BRONX CO., Respondent. (Supreme Court, Appellate Division, First Department. December 7, 1900.) Action by John Peterson against the Bronx Company. G. C. Lay, for appellant. J. V. Bouvier, for respondent. No opinion. Judgment affirmed, with costs.

PETERSON, Respondent, v. WEINPHAL, Appellant. (Supreme Court, Appellate Division, Second Department. December 7, 1900.) Action by Otto F. Peterson against Charles H. Weinphal. No opinion. Judgment of the municipal court affirmed by default, with costs.

PFEFFER, Appellant, v. KLING et al., Respondents. (Supreme Court, Appellate Division, First Department. November 9, 1900.) Action by Norberth Pfeffer against Philip Kling and others. C. L. Barber, for appellant. A. Kling, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

PIERSON, Respondent, v. NEW YORK, N. H. & H. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 23, 1900.) Action by Annie L. Pierson, as sole executrix, against the New York, New Haven & Hartford Railroad Company. No opinion. Motion for reargument, or for leave to appeal to the court of appeals, denied. See 65 N. Y. Supp. 1039.

PIRNIE, Respondent, v. MEISLAHN et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 14, 1900.) Action by Henrietta Pirnie against Albert

Meislahn and another, as executors. No opinion. Judgment affirmed, with costs, on opinion of JENKS, J., in Meislahn v. Meislahn, 67 N. Y. Supp. 480.

PLATT, Respondent, v. ALBANY RY., Appellant. (Supreme Court, Appellate Division, Third Department. November 20, 1900.) Action by Charles N. Platt, as administrator, etc., of Henry Platt, deceased, against the Albany Railway. No opinion. Judgment and order affirmed, with costs. All concur, except KELLOGG, J., who dissents.

POLLOCK, Respondent, v. BROOKLYN WHARF & WAREHOUSE CO., Appellant, et al. (Supreme Court, Appellate Division, Second Department. November 23, 1900.) Action by Charles Pollock against the Brooklyn Wharf & Warehouse Company, impleaded with others. No opinion. Interlocutory judgment overruling demurrer to complaint affirmed, with costs.

POPE, Respondent, v. WILBUR et al., Appellants. (Supreme Court, Appellate Term. January 2, 1901.) Action by Catharine A. Pope against John A. Wilbur and another. From a judgment of the general term of the city court of New York (66 N. Y. Supp. 1141), affirming a judgment in favor of plaintiff, and from an order denying motion for a new trial, defendants appeal. Affirmed. Dudley H. Horton, for appellants. Benjamin F. Edsall, for respondent.

PER CURIAM. The defendants claimed and were accorded the affirmative. It then became incumbent upon them to show that the premises became untenantable, and this, according to the verdict, they failed to do. There was no error in the charge. The jury were left to say whether the damages rendered the building untenantable, and were instructed properly in regard to the defendants' nonliability in case of untenantability. There is no merit in any of the exceptions. Judgment affirmed, with costs.

POTTER, Respondent, v. PRESS PUB. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 7, 1900.) Action by Daniel C. Potter against the Press Publishing Company. J. M. Bowers, for appellant. B. Scharpe, for respondent. No opinion. Judgment and order affirmed, with costs.

PRESS PUB. CO., Appellant, v. RAMAPO WATER CO. et al., Respondents. (Supreme Court, Appellate Division, First Department. November 23, 1900.) Action by the Press Publishing Company against the Ramapo Water Company and others. J. W. Gerard, for appellant. H. R. Limburger, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

PRITCHARD, Respondent, v. LAWRENCE, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 11, 1900.) Action by Alice Pritchard against Frank Lawrence. No opinion. Judgment of county court affirmed, with costs.

In re QUEENS COUNTY. (Supreme Court, Appellate Division, Second Department. November 23, 1900.) In the matter of the application of the county of Queens to acquire title to land on both sides of the causeway leading from Flushing creek to Jackson avenue, in the town of Newtown, county of Queens, and state of New York. The proceedings herein appear to have been in substantial compliance with the requirements of section 3378 of the Code of Civil Procedure, and the final order made by Mr. Justice Garretson contains the direction required by that section as to the payment of the fund in controversy. A careful examination of the complicated conveyances and maps in this case, in the light of the testimony taken before the commissioners and considered by the court, discloses no error on the merits in the disposition of the fund. Order affirmed, with $10 costs and disbursements to the respondent.

QUINN, Respondent, v. THIRD AVE. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 23, 1900.) Action by Marie Quinn against the Third Avenue Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

In re RANDALL. (Supreme Court, Appellate Division, Second Department. November 30, 1900.) In the matter of the application of Henry M. Randall to alter a highway in the town of Brookhaven, and the assessment of damages therefor. No opinion. Application to confirm the order of the county court of Suffolk county granted, and order signed.

REED, Respondent, v. WAYNE BUILDING, LOAN & ACCUMULATION FUND ASS'N, Appellant. (Supreme Court, Appellate Division, Fourth Department. November Term, 1900.) Action by Cora L. Reed against the Wayne Building, Loan & Accumulation Fund Association. No opinion. Appeal dismissed, under general rule No. 39.

REYNOLDS, Respondent, v. MAYOR et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 4, 1900.) Action by James Reynolds against Mayor, Lane & Co. No opinion. Order affirmed, with costs.

RIMOLDO, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. November 21, 1900.) Action by Joseph Rimoldo against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed. H. A. Robinson, for appellant. Wendell & Robeson, for respondent.

PER CURIAM. The plaintiff's evidence tended to show negligence on the part of the defendant. Judgment affirmed, with costs.

In re ROGERS. (Supreme Court, Appellate Division, First Department. November 23, 1900.) In the matter of Marie C. Rogers, deceased. No opinion. Order affirmed, with $10 costs and disbursements.